UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,           No. 02-75044

vs.           Hon. Gerald E. Rosen

SABRINA L. JOHNSON, A.K.A. SABRINA MALAK,
A.K.A. SABRINA NORWOOD,

           Defendant.
_____/

OPINION AND ORDER GRANTING
<u>PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on       May 4, 2005

PRESENT:    Honorable Gerald E. Rosen
                    United States District Judge

## I. **INTRODUCTION**

This student loan collection action is presently before the Court on a Fed. R. Civ. P. 56 Motion brought by Plaintiff, the United States of America (the "Government"), for entry of summary judgment in its favor and against defendant Sabrina L. Johnson, A.K.A. Sabrina Malak, A.K.A. Sabrina Norwood ("Johnson"). Plaintiff's Motion for Summary Judgment was filed on October 28, 2004. Johnson, who is proceeding in *pro per*, has not responded to the Government's Motion for Summary Judgment, and the time for doing so has long since expired.[1] Nor has Johnson provided a response to the Government's Request for Admissions, which,

---

[1] Under Local Court Rule 7.1(d)(1)(B), a response to a dispositive motion must be filed within 21 days after service of the motion, and under Local Court Rule 7.1(d)(1)(A), "dispositive motions" include motions for summary judgment.

1

according to Government's Exhibit # 4, were sent to Johnson on August 25, 2004.[2]

Johnson did not file a formal answer to the Government's original complaint. However, it appears that Johnson did write a letter of explanation, dated March 16, 2003 and addressed to the U.S. Department of Education, in which she: (1) acknowledges that she owes a debt to the U.S. Department of Education; (2) disputes the amount of this debt; (3) alleges that she did not incur the full amount of debt alleged by the Government because she did not receive or sign the "second half of the check"; (4) alleges that she had previously complained to the U.S. Department of Education about this matter without satisfactory results; and (5) alleges that she was involved in a motor vehicle accident on January 3, 2003 which gave her a closed head injury which has negatively affected her ability to attend to the debt in controversy. This letter comprises the only pleadings or documents that Johnson has submitted in this case to date.

Having reviewed the pleadings, briefs, and supporting documents which have been submitted by the parties, the Court concludes that oral argument is not necessary. Therefore, pursuant to Local Court Rule 7.1(e)(2), the matter will be decided on the documents which are available to the Court. This Opinion and Order sets forth the Court's ruling.

## II. PERTINENT FACTS

The facts are taken from the available record. On November 29, 1986, Johnson signed a Promissory note for educational purposes, borrowing $2,500 from Norwest Bank South Dakota, N.A., Sioux Falls, South Dakota, in the form of a Guaranteed Student Loan accruing at 8.00%

---

[2]Under Fed. R. Civ. P. 36, a party generally has 30 days after service to respond to Requests For Admissions, unless this time period is modified by agreement of the parties under Fed. R. Civ. P. 29. All requests not answered in a timely fashion are deemed to be admitted once the deadline for response has passed. According to the available record, there has been no request for a modification of the 30-day requirement under Fed. R. Civ. P. 29 in this case.

interest annually.[3] Johnson intended to use the loan for educational purposes, namely, to attend the Virginia Farrell Beauty School.[4] This loan was ultimately insured by the United States Department of Education.[5]

The Government alleges that on or about February 6, 1988, Johnson defaulted on this loan, and the interest that had accrued to date was capitalized, resulting in a new principal balance due of $2,689.83.[6] The guaranty agency paid the claim and was subsequently reimbursed by the Department of Education.[7]

On January 27, 1997, this loan was assigned to the Department of Education ("DOE"), and the DOE began collection activity. The DOE was able to collect a voluntary payment of $15.00 on July 27, 1996, and a payment of $192.00 (in the form of an involuntary Treasury Offset), on June 3, 1997.[8] The Government alleges that both of these payments have been applied toward the total debt owed, but that these two payments are the only payments which have been made on this loan to date. The Government initiated the present action against Ms. Johnson on December 13, 2002, alleging failure to pay student loan debts as its sole cause of action. The Government alleges that interest is accruing on the unpaid portion of this student loan debt at the rate of $0.59 per day, and a total of $6,345.11 was owed as of October 22, 2004.[9]

## III. DISCUSSION

---

[3] See Government's Exhibits #1 and #2.

[4] See Government's Exhibit #4 and Johnson's letter dated March 16, 2003

[5] Government's Exhibit #2

[6] Government's Exhibit #2

[7] Government's Exhibit #2

[8] Government's Exhibit #2

[9] Government's Brief in Support of Plaintiff's Motion for Summary Judgment, page 2, paragraph 6.

### A.  STANDARDS GENERALLY APPLICABLE TO MOTIONS FOR SUMMARY JUDGMENT

Summary Judgment is properly granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

Three 1986 U.S. Supreme Court cases - *Matsushita Electrical industrial Co. V Zenith Radio Corp.,* 475 U.S. 574 (1986); *Anderson v Liberty Lobby, Inc.,* 477 U.S. 242 (1986); and *Celotex Corp. V. Catrett,* 477 U.S. 317 (1986) - ushered in a "new era" in the standards of review for a summary judgment motion.  These cases, in the aggregate, lowered the movant's burden on a summary judgment motion.[10]  According to the *Celotex* Court,

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  *Celotex* at 322.

Having reviewed the above trilogy, the Sixth Circuit established a series of principles to be applied to motions for summary judgment.  *Betkerur v. Aultman Hospital Association,* 778 F.3d 1070, 1087 (6th Cir. 1996); *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479-80 (6th Cir. 1989).  These principles are summarized as follows:

* Cases involving state of mind issues are not necessarily inappropriate for summary judgment.

* The movant must meet the initial burden of showing "the absence of a genuine issue of material fact" as to an essential element of the non-movant's case.  This

---

[10] "Taken together, the three cases signal to the lower courts that summary judgment can be relied upon more so than in the past to weed out frivolous lawsuits and avoid wasteful trials."  10A C. Wright, A. Miller, M. Kane, Federal Practice & Procedure § 27272 (1996 Supp.).

burden may be met by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case.

* The respondent cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must "present affirmative evidence in order to defeat a properly supported motion for summary judgment."

* The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact.

* The trial court has more discretion than in the "old era" in evaluating the respondent's evidence.

 * The respondent must "do more than simply show that there is some metaphysical doubt as to the material facts."  Further, "[w]here the record taken as a whole could not lead a rational trier of fact to find" for the respondent, the motion should be granted.  The trial court has at least some discretion to determine whether the respondent's claim is plausible.


The Court will apply the foregoing general standards in deciding Plaintiff's Motion for Summary Judgment in this case.

**B.     REQUIREMENTS NECESSARY TO ESTABLISH A *PRIMA FACIE* CASE OF STUDENT LOAN DEFAULT**

The requirements necessary to establish a *prima facie* case of student loan default for summary judgment purposes have been consistently described by federal district courts in several circuits.  *Guillermety v. Secretary of Education of the United States,* 341 F. Supp. 2d 682 (E.D. Mich. 2003); *United States v. Durbin*, 64 F. Supp. 2d 635 (S.D. Texas 1999); *United States v. Lewis,* 2001 U.S. Dist. LEXIS 9909 (D. Kan. June 29, 2001); *United States v. Moore,* 2001 U.S. Dist. LEXIS 18800 (N.D. Tex. Nov. 9, 2001).

 The Government may establish a *prima facie* case of student loan default by proving three elements: (1) the defendant signed a promissory note for a student loan; (2) the government owns the promissory note signed by the defendant; and (3) the promissory note has not been

repaid or discharged.  *Guillermety* at 688, *Durbin* at 636; *Lewis* at 12; *Moore* at 2.

    The government may establish these *prima facie* elements by producing the Promissory Note and Certificates of Indebtedness signed under penalty of perjury. *Guillermety* at 688; *Lewis* at 12-13; *United States v. Stanfield*, 2001 U.S. Dist. LEXIS 5548 (E.D. Penn. Apr. 2, 2001). The government may use Department of Education computer printouts in support of its *prima facie* case, as long as the government can lay the necessary foundation for the admission of these printouts under FRE 803(6). *Guillermety* at 688-690.  The government may also use sworn affidavits submitted by Department of Education loan analysts in support of its *prima facie* case. *Stanfield* at 7;  *United States v. Konopka*, 1997 U.S. Dist. LEXIS 18360 (E.D. Mich. Oct. 9, 1997).

    Once the government establishes a *prima facie* case of student loan default, the burden then shifts to the defendant to produce evidence which proves the nonexistence, payment, discharge, or deferment of the obligation.  *Durbin* at 636; *Guillermety* at 688.  It is not sufficient for the defendant to merely allege nonliability; rather, the defendant must produce specific and concrete evidence of the nonexistence, payment, discharge, or deferment of the debt.  *Durbin* at 636; *Stanfield* at 4-9.

    Cancelled checks, bank statements, tax records, and sworn affidavits may be acceptable as evidence of payment *Durbin* at 636; *Stanfield* at 8-9.  However, unsworn handwritten letters or notes are not sufficient.  *Moore* at 2; *United States v. Kerns,* 1997 U.S. Dist. LEXIS 9211 (E.D. Mich. May 20, 1997); *United States v. Nevels,* 2000 U.S. Dist. LEXIS 11541 (E.D. Mich. July 7, 2000).

    Furthermore, the statute of limitations, laches, and failure of consideration are not recognized as valid defenses in student loan default cases.  *Durbin* at 637; *Lewis* at 10-11;

*United States v. Robbins,* 819 F. Supp. 672 (E.D. Mich. 1993).

**C.    DEFENDANT HAS NOT MET HER BURDEN TO SHOW THAT GENUINE ISSUES OF MATERIAL FACT EXIST**

The Court first notes that Johnson is a *pro se* defendant, and therefore reviews the propriety of using either Requests For Admissions deemed admitted by default or defendant's failure to respond to a motion for summary judgment as a primary basis for a grant of summary judgment against a *pro se* party.

The Sixth Circuit has held that a party's failure to respond to an opponent's motion for summary judgment should not by itself warrant a grant of summary judgment. *Carver v. Bunch*, 946 F. 2d 451 (6th Cir. 1991). The *Carver* panel stated:

> As the Supreme Court has repeatedly held, "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." Additionally, under Rule 56(c) a party moving for summary judgment always bears the burden of demonstrating the absence of a genuine issue as to a material fact...Although subsequent Supreme Court cases have redefined the movant's initial burden...the requirement that the movant bears the initial burden has remained unaltered. More importantly for all purposes, the movant must always bear this initial burden regardless if an adverse party fails to respond. In other words, a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden.

*Carver* at 454-455 (citations omitted).

Similarly, although Requests for Admission which are deemed admitted by a party's failure to reply to the Requests for Admission may generally be used in support of an opponent's

7

motion for summary judgment, [11] Requests for Admission which are deemed admitted by the default of a *pro se* litigant generally should not provide the sole basis for a grant of summary judgment unless the *pro se* litigant was advised of the consequence of failing to reply to the Requests for Admission. *Harris v. Callwood,* 844 F. 2d 1254 (6th Cir. 1988); *Anheuser-Busch, Inc. V. Philpot*, 317 F. 3d 1264 (11th Cir. 2003).

      Here, Johnson is a *pro se* defendant who both defaulted on her opponent's Request for Admissions and neglected to answer her opponent's Motion for Summary Judgment.[12] However, upon consideration of the record as a whole and in a light most favorable to Johnson (the nonmoving party), summary judgment for the Government is nonetheless proper because the Government has established its *prima facie* elements by credible and acceptable evidence, and Johnson has failed to produce sufficient evidence to rebut the Government's claims. The Government has satisfactorily discharged its preliminary burden of demonstrating the absence of any genuine issues of material fact to be analyzed at trial, and Johnson has failed to adequately rebut the Government's demonstration. The Government has produced a promissory note, sworn affidavits, and Certificates of Indebtedness which establish both the fact and the amount of the debt owed by Johnson. In contrast, Johnson has produced nothing more than a single unsworn handwritten letter in response to the Government's claim. Johnson has had sufficient time and opportunity for discovery but has not presented the type or amount of affirmative evidence which is necessary to defeat the Government's well-supported motion for summary judgment. In short, Johnson has not met the *Betkerur* standards - she has not done more than simply suggest

---

[11] See, *e.g., EEOC v Baby Products Co,* 89 F.R.D 129 (E.D. Mich. 1981); *First Nat. Bank Co. v. Insurance Co. Of North America,* 606 F. 2d 760 (7th Cir. 1979); *Carney v. IRS (In re Carney)*, 258 F. 3d 415 (5th Cir. 2001).

[12] It should be noted that the Government's Request for Admissions were largely duplicative of attachments it had already submitted to the court before the Government's Request for Admissions were issued, i.e., the Requests for Admissions merely recited the items originally put forth in the Government's initial complaint.

8

that "there is some metaphysical doubt as to the material facts." *Betkerur* at 1087. Because this record taken as a whole could not lead a rational trier of fact to find for Johnson, the Government's motion for summary judgment is granted.

### D.     DISCHARGING STUDENT LOAN DEBT DUE TO DISABILITY

In her March 16, 2003 letter to the Department of Education, Johnson alleges that she was involved in a motor vehicle accident on January 3, 2003, in which she suffered a closed head injury which has negatively affected her ability to pay the debt in controversy.

If these allegations are true, Johnson may perhaps be eligible for discharge of her student loan pursuant to the "total and permanent disability" provisions of 34 C.F.R. §682.402, which govern "discharge of loans due to death, ***total and permanent disability***, attendance at a school that closes..." 34 C.F.R. §682.402(a)(1)(emphasis added).

However, this Court makes no judgment regarding whether Johnson should or should not be eligible for administrative discharge. Moreover, Johnson's eligibility for administrative discharge cannot be substantively determined as part of this motion for summary judgment. Johnson can only achieve an administrative discharge by following the procedures set forth in 34 C.F.R. §682.402, and the burden of seeking an administrative discharge rests squarely with Johnson. 34 C.F.R. §682.402(c); *Guillermety v. Secretary of Education of the United States*, 341 F. Supp. 2d 682 (E.D. Mich. 2003); *Green v. United States*, 163 F. Supp. 2d 593 (W.D. N.C. 2000); *United States v. Stanfield*, 2001 U.S. Dist. LEXIS 5548 (E.D. Penn. April 3, 2001).

There is nothing in the record to indicate that Johnson has yet availed herself of the administrative discharge procedures, and a grant of summary judgment in favor of the Government would not, as a matter of law, preclude Johnson from pursuing an administrative

discharge in the future:

> [In *Green*], the court recognized that the administrative discharge of a student loan must be pursued through the administrative process. *Id.* at 598.  As such, the court dismissed the plaintiff's claims so that he could pursue his administrative remedies. *Id.*  The Court, however, permitted the government's motion for summary judgment to proceed, noting that the discharge provisions made no distinction between loans that are in the process of being collected and those that are reduced to judgment. *Id.* at 598-99.  Thus, because the plaintiff could still obtain an administrative discharge of his loan, the court concluded that it was proper to consider the government's motion for summary judgment. *Id.* At 599.

*Guillermety* at 686-687, discussing *Green v. United States*, 163 F. Supp. 2d 593 (W.D.N.C. 2000).

Thus, the Government is not precluded from obtaining a summary judgment against Johnson regarding the existence and amount of the student loan debt, and a grant of summary judgment in the Government's favor does not preclude Johnson from seeking administrative discharge under 34 C.F.R. §682.402(c).

However, although 34 C.F.R. §682.402(c) halts collection activity once a conditional discharge has been granted, the regulation also  <u>requires</u> the lender to continue collection activities unless and until such a preliminary administrative determination of eligibility for discharge has been made.  34 C.F.R. §682.402(c)(1)(I); *Guillermety* at 685-688.  As there is nothing in the existing record to indicate that Johnson has yet taken the administrative steps necessary to apply for a disability discharge under 34 C.F.R. §682.402, the Government may legitimately pursue collection activity pursuant to a grant of summary judgment unless and until a 34 C.F.R. §682.402 conditional discharge is granted, and interest may continue to accrue on the judgment during the interim.

## **CONCLUSION**

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment is GRANTED.

IT IS FURTHER ORDERED that within 10 days of the date of this Opinion and Order, the Government shall submit a verified affidavit of the total amount of principal owed, together with capitalized interest which has accrued as of this date, and shall also provide an accounting of the interest rate that will be applied from the date of judgment forward until the debt is paid in full.

SO ORDERED

        s/Gerald E. Rosen
        Gerald E. Rosen
        United States District Judge

Dated: May 4, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 4, 2005, by electronic and/or ordinary mail.

        s/LaShawn R. Saulsberry
        Case Manager